**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **GEORGE T. MERIMON et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-25-859-G** |
| | ) | |
| **STATE FARM FIRE AND CASUALTY COMPANY et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

Now before the Court is Plaintiffs George T. Merimon and Francesca Walker's Motion to Remand (Doc. No. 15). Defendant State Farm Fire and Casualty Company ("State Farm") has responded (Doc. No. 17) and Plaintiffs have replied (Doc. No. 18). Additionally, the parties have filed notices of supplemental authority pursuant to Local Civil Rule 7.1(l). *See* Notices of Suppl. Auth. (Doc. Nos. 20, 22).

*I. Background*

Plaintiffs initially filed this action in the District Court of Oklahoma County, Oklahoma, on June 17, 2025. *See* Pet. (Doc. No. 1-3). Plaintiffs challenge State Farm's denial of an insurance claim submitted for wind and hail damage to the roof of Plaintiffs' property following a June 2023 storm. *See id.* ¶¶ 5, 40, 50.

Plaintiffs' claims are premised on an alleged state-wide scheme referred to as the "Wind/Hail Focus Initiative," pursuant to which State Farm and its captive insurance agents—i.e., agents who exclusively sell State Farm products—allegedly underpay and deny wind and hail damage claims. *See id.* ¶¶ 1-4. According to Plaintiffs, the scheme

begins when an agent sells a replacement cost home insurance policy to the insured. *See id.* ¶ 4(a). In doing so the agent "expressly and/or impliedly represents" that: the property meets State Farm's underwriting guidelines and is eligible for the coverage sought; the replacement cost value calculated by the agent is accurate; and the policy provides coverage for wind and hail damage. *Id.* ¶¶ 4, 19, 21, 25, 36. State Farm then issues the policy. *Id.* ¶ 4(c).

If the insured later incurs a covered loss from wind or hail damage and submits a timely claim, State Farm denies the claim based on a variety of bad faith claims handling tactics. *Id.* ¶ 4(d), (e). State Farm agents allegedly know of this scheme and fail to disclose it to customers, despite having a legal duty to do so. *Id.* ¶ 4(b).

Plaintiffs bring claims of breach of contract, breach of the duty of good faith and fair dealing, and constructive fraud/negligent misrepresentation against Defendant State Farm. *See id.* ¶¶ 45-59, 67-79. Plaintiffs also assert claims against their insurance agent, Defendant Brent Hagar d/b/a Hagar State Farm Agency, LLC, for negligent procurement of insurance and for constructive fraud/negligent misrepresentation. *See id.* ¶¶ 60-79.

State Farm removed the action to this Court on the basis of diversity jurisdiction and the doctrine of fraudulent joinder. *See* Notice of Removal (Doc. No. 1) at 1-2, 28. Plaintiffs then filed the instant Motion to Remand, alleging that State Farm has not met its burden of establishing fraudulent joinder.

## *II. Relevant Standards*

A civil action filed in a state court may be removed to federal court if the case is one over "which the district courts of the United States have original jurisdiction." 28

U.S.C. § 1441(a). "Since federal courts are courts of limited jurisdiction, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Penteco Corp. Ltd. P'ship—1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Res. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citation omitted).

The relevant statute prescribes that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Jurisdiction under § 1332(a) requires complete diversity among the parties. *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008).

It is undisputed that the $75,000 amount in controversy requirement is met here. *See* Pet. at 45. It is further undisputed that Plaintiffs and Defendant Hagar are citizens of Oklahoma for diversity purposes and that State Farm is a non-Oklahoma citizen for diversity purposes. *See id.* ¶¶ 5-7. Therefore, complete diversity does not exist among the parties.

Citing the lack of diversity resulting from Defendant's failure to establish fraudulent joinder, Plaintiffs seek remand of this case to state court. *See* Pls.' Mot. to Remand at 14-16, 31; 28 U.S.C. § 1447(c). State Farm asserts that the Court has jurisdiction over this action because Plaintiffs fraudulently joined Defendant Hagar, a nondiverse defendant, as a means to defeat removal. *See* Notice of Removal at 3-4; Def.'s Resp. at 7-31.

The doctrine of fraudulent joinder permits a federal court to disregard the citizenship

of a nondiverse defendant against whom the plaintiff has not asserted or cannot assert a colorable claim for relief. *See Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013). "To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *See id.* (alteration and internal quotation marks omitted). "The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Id.* (internal quotation marks omitted).

## *III. Discussion*

### *A. Actual Fraud in the Pleadings*

Defendant State Farm asserts that Plaintiffs have engaged in fraud in the pleading of jurisdictional facts. *See* Notice of Removal at 26-28; Def.'s Resp. at 30-31. State Farm's argument rests primarily on what it describes as "an implausible (and increasing) number of cases" brought by Plaintiffs' counsel against State Farm and other insurers alleging that different agents are complicit in insurance schemes by the same misrepresentations and underwriting failures. Def.'s Resp. at 30.

While this Court has expressed discomfort with the substantially similar allegations presented, neither the similarity of allegations nor the number of cases filed by Plaintiffs' counsel, standing alone, establishes actual fraud. *See Norman v. State Farm Fire & Cas. Co.*, 764 F. Supp. 3d 1100, 1104-05 (W.D. Okla. 2025). "[T]he Petition alleges that the agents are an essential component of State Farm's scheme to wrongfully deny claims, and some similarity in statements or conduct is therefore conceivable." *Id.* at 1105; *see also*

*Whitby v. State Farm Fire & Cas. Co.*, No. 23-CV-00073, 2023 WL 11763365, at *4 (N.D. Okla. Aug. 21, 2023) (declining to find fraud in the pleadings "simply because the allegations here are similar to those made in other cases").

*B. Plaintiffs' Inability to Establish a Claim Against Defendant Hagar*

Defendant asserts that fraudulent joinder is shown by Plaintiffs' inability to establish a cause of action against non-diverse Defendant Hagar. In evaluating State Farm's allegation of fraudulent joinder, the Court must "determine whether [Plaintiffs] ha[ve] any possibility of recovery against" Defendant Hagar. *Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, at *1 (10th Cir. 2000) (internal quotation marks omitted). The removing party must demonstrate "[t]he non-liability of the defendants alleged to be fraudulently joined . . . with 'complete certainty.'" *Hernandez v. Liberty Ins. Corp.*, 73 F. Supp. 3d 1332, 1336 (W.D. Okla. 2014) (quoting *Smoot v. Chi., Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967)). "This standard is more exacting than that for dismissing a claim under Fed.R.Civ.P. 12(b)(6)," as "remand is required if any one of the claims against the non-diverse defendant . . . is possibly viable." *Montano*, 2000 WL 525592, at *2.

"This does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability[.]" *Smoot*, 378 F.2d at 882 (internal quotation marks omitted). "But upon specific allegations of fraudulent joinder, the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Id.* (citation and internal quotation marks omitted).

Plaintiffs assert two claims against Defendant Hagar: (1) negligent procurement of

insurance; and (2) constructive fraud and negligent misrepresentation. *See* Pet. ¶¶ 60-79. Each claim is addressed in turn below.

*1. Negligent Procurement of Insurance*

Oklahoma law recognizes that an insurance agent has a "duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance." *Swickey v. Silvey Cos.*, 979 P.2d 266, 269 (Okla. Civ. App. 1999). "This duty rests, in part, on specialized knowledge about the terms and conditions of insurance policies generally." *Rotan v. Farmers Ins. Grp. of Cos.*, 83 P.3d 894, 895 (Okla. Civ. App. 2004) (alteration and internal quotations marks omitted). An insurance agent can therefore be liable to the insured in negligence "if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Swickey,* 979 P.2d at 269.

"[T]he scope of the agent's duty to use reasonable care, skill, or diligence in the procurement of insurance" "is not expanded by general requests for 'full coverage' or 'adequate protection.'" *Rotan*, 83 P.3d at 895. Thus, "[t]o discharge their duty . . . , insurance agents need only offer coverage mandated by law and coverage for needs that are disclosed by the insureds." *Id.* (emphasis omitted).

Plaintiffs' allegations arise from Defendant Hagar's renewal of the policy, rather than its initial procurement, as Plaintiffs originally purchased the policy through a different agent in 2015 before the policy was transferred to Defendant Hagar in 2020. *See* Hagar Decl. (Doc. No. 1-10) ¶ 2; Pls.' Mot. to Remand at 10. The record reflects that the policy was automatically renewed for each successive policy period, subject to the premiums, rules, and forms then in effect, without review or input by Defendant Hagar. *See* Hagar

Decl. ¶ 3; Renewal Decl. (Doc. No. 1-11) at 4 ("If the POLICY PERIOD is shown as 12 MONTHS, this policy will be renewed automatically subject to the premiums, rules, and forms in effect for each succeeding policy period."). The renewal paperwork expressly advises the insured to review the policy to ensure the adequacy of coverage and states that it is the insured's responsibility to contact the agent if changes to the policy are desired. *See* Renewal Decl. at 2, 3, 7.

Plaintiffs allege that they requested that Defendant Hagar "obtain a replacement cost policy that would provide full replacement cost coverage for the Insured Property in the event of a loss." Pet. ¶ 25(a) (emphasis and footnote omitted). Plaintiffs contend that the insurance they received was instead "illusory full replacement cost coverage" that "deviat[ed] substantially and materially" from what was requested. *Id.* ¶ 63. Even assuming Plaintiffs made this specific request separately from, and not merely implicitly in, the automatic renewal of the policy, Plaintiffs' allegations and the record reflect that a full replacement cost policy, providing coverage for weather-related losses, was renewed and in effect at the time of the loss, consistent with that request. *See id.* ¶¶ 5, 25(d), 30-33 ("The policy does not define, limit, or otherwise mitigate full replacement cost coverage for tornado, wind- and/or hail-storm damage . . . . Rather, all of [the] very real limitations exist in State Farm claims handling procedures . . . ." (emphasis omitted)); Policy (Doc. No. 1-12) at 23 ("*We* will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the *Declarations* . . . .").

Plaintiffs therefore cannot show that, "by the agent's fault, insurance [was] not procured as promised." *Swickey*, 979 P.2d at 269; *see also Steinkamp v. State Farm Fire*

*& Cas. Co.*, No. CIV-22-47-PRW, 2023 WL 11920886, at *2 (W.D. Okla. Sept. 29, 2023) (finding no viable claim against the agent because the plaintiff's claim hinged upon what damage was sustained rather than the terms of the policy); *Rivera v. Hartford Ins. Co. of the Midwest*, No. CIV-14-1082-HE, 2014 WL 7335320, at *2 (W.D. Okla. Dec. 19, 2014) (finding no viable claim against the agent because no allegations were made that specific coverage was requested that the agent failed to provide).

Plaintiffs additionally assert that Defendant Hagar breached the duty owed to Plaintiffs by failing to:

i. follow and abide by State Farm's underwriting policies/guidelines;

ii. perform all necessary inspections of the insured property;

iii. confirm the accuracy of the pre-filled information provided by State Farm's replacement cost estimating tool;

iv. disclose pre-existing damage to the insured property;

v. verify whether his inherent representation to State Farm and Plaintiffs that the insured property (including the roof) was in good condition was accurate;

vi. disclose all material facts of the alleged scheme ("Wind/Hail Focus Initiative").

*See* Pet. ¶ 63(b).

Plaintiffs identify no legal authority establishing that Defendant Hagar, in his capacity as an agent, owed Plaintiffs a duty to undertake any of the above-described actions in connection with renewal of the policy. As explained in a similar case:

> Whatever underwriting duties [the insurance agent] may have owed to State Farm, as agent to principal, do not necessarily translate into a duty *to the*

> *insured*. . . .
>
> . . . .
>
> Bottom line, there is no basis shown for concluding that [the insurance agent] undertook or otherwise had a duty beyond securing the issuance of the initial and renewal policies for full replacement coverage. Plaintiffs' arguments essentially contend that an agent has a duty to anticipate, and advise the insured as to, anything that might conceivably limit the payment of a future claim. Such a contention goes beyond any duty contemplated by Oklahoma law.

*Goebel v. State Farm Fire & Cas. Co.*, No. CIV-22-882-HE, 2023 WL 11883977, at *3-4 (W.D. Okla. Aug. 7, 2023). Further, the Policy expressly states that State Farm has no obligation to "make inspections and surveys of the insured location at any time," provide insureds with "reports on conditions," or "recommend changes" regarding insurability. Policy at 37 (emphasis omitted).

Even assuming Defendant Hagar owed the above duties, Plaintiffs allege that "State Farm's adjuster purposefully ignored the full extent of the wind and hail damage . . . so that State Farm could . . . avoid paying Plaintiffs their full replacement cost benefits rightfully owed under the Policy." Pet. ¶ 40(g). Plaintiffs therefore allege injury arising from the adjuster's assessment and State Farm's related denials—not from a renewal of coverage by Defendant Hagar. *See id.*; *see also Referral Ctr. for Alcohol & Drug Servs. of Cent. Okla., Inc. v. Phila. Indem. Ins. Co.*, No. CIV-25-717-R, 2025 WL 2654914, at *3 (W.D. Okla. Sept. 16, 2025) ("Plaintiff's dispute concerns [the insurer's] coverage determination and claims handling practices, not [the agent's] actions during the procurement and renewal of the policy").

For these reasons, Plaintiffs have failed to state a possibly viable claim against

Defendant Hagar for negligent procurement of insurance. *See id.*; *see also Hall v. State Farm Fire & Cas. Co.*, No. CIV-25-12-JD, 2025 WL 2905205, at *5 (W.D. Okla. Oct. 13, 2025); *Steinkamp*, 2023 WL 11920886, at *2.

2. *Constructive Fraud and Negligent Misrepresentation*

Under Oklahoma law, constructive fraud or negligent misrepresentation consists of "any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, . . . by misleading another to his prejudice." Okla. Stat. tit. 15, § 59(1); *see Wilder v. State Farm Fire & Cas. Co.*, No. CIV-25-92-JD, 2025 WL 2918045, at *5 (W.D. Okla. Okla. 14, 2025). Such a duty "may arise if a party selectively discloses facts that create a false impression." *Specialty Beverages, L.L.C. v. Pabst Brewing Co.*, 537 F.3d 1165, 1181 (10th Cir. 2008). Put another way, "[c]onstructive fraud is the concealment of material facts which one is bound under the circumstances to disclose." *Bankers Tr. Co. v. Brown*, 107 P.3d 609, 613 (Okla. Civ. App. 2005). Under Oklahoma law, "[a] duty to speak may arise from partial disclosure." *Uptegraft v. Dome Petroleum Corp.*, 764 P.2d 1350, 1353 (Okla. 1988).

Plaintiffs assert that Defendant Hagar made several misrepresentations, including that the property met all underwriting requirements, the property was eligible for full replacement cost coverage, all property inspections had occurred, the replacement cost value was accurate, and the policy covered all weather-related damage. *See* Pet. ¶ 73. Plaintiffs do not identify any affirmative statements made by Defendant Hagar concerning inspections, underwriting, or claims handling that serve as a basis for their claim. Rather, Plaintiffs rely solely on inherent or implied representations arising from the agent's acts of

procuring, binding, and renewing coverage. *See id.* ¶¶ 4, 19, 21, 25, 36.

Plaintiffs further allege that Defendant Hagar had a duty to fully disclose State Farm's alleged "scheme" because Defendant Hagar partially disclosed facts regarding the alleged scheme. *See id.* ¶¶ 72-73; *Uptegraft*, 764 P.2d at 1353-54 ("A duty to speak may arise from partial disclosure, the speaker being under a duty to say nothing or to tell the whole truth."). Again, Plaintiffs do not identify any affirmative statements made by Defendant Hagar but contend that Hagar, by allowing State Farm to renew Plaintiffs' policy, "chose to represent to Plaintiffs that the condition of the insured property was sufficient for coverage under a State Farm policy." Pls.' Mot. to Remand at 25 (emphasis omitted).

This Court has repeatedly declined to conclude that "an inherent or implied representation attendant to the issuance of an insurance policy" is a sufficient basis for a constructive fraud/negligent misrepresentation claim against an insurance agent. *Wilder*, 2025 WL 2918045, at *5; *see, e.g.*, *Cook v. State Farm Fire & Cas. Co.*, No. CIV-25-1098-R, 2025 WL 3461564, at *3 (W.D. Okla. Dec. 2, 2025). And Plaintiffs' allegations do not otherwise plead the type of partial disclosure that, under Oklahoma law, would have required Defendant Hagar to disclose to Plaintiffs the information they contend was improperly withheld. *See Stafford v. State Farm Fire & Cas. Co.*, No. CIV-25-8-HE, 2025 WL 4966414, at *3 (W.D. Okla. May 27, 2025) (order denying remand).

Plaintiffs further fail to allege facts establishing a causal connection between the alleged misrepresentations or omissions and the damages sought by Plaintiffs in this action. State Farm's determination that some of the property damage was attributable to a non-

covered cause does not render the policy illusory, fraudulent, or otherwise ineffective. "[T]he policy sought was the policy received," and that policy provides coverage for the type of loss claimed, as confirmed by State Farm's finding of covered damage under the policy. *Rain Drop Found., Inc. v. State Farm Fire & Cas. Co.*, No. CIV-24-1101-D, 2025 WL 582562, at *5 (W.D. Okla. Feb. 21, 2025); *see* Pet. ¶ 40(j); Estimate (Doc. No. 17-2). "All relevant disputes relate to the coverage decision"; the parties simply disagree on the cause and/or extent of damage claimed. *Rain Drop Found.*, 2025 WL 582562, at *5. Plaintiffs' purchase of a replacement cost policy does not guarantee that their claims will be paid in full or "paid in the exact manner" they desire. *Id.*

State Farm has therefore met its burden to demonstrate the absence of a possibly viable claim against Defendant Hagar for constructive fraud/negligent misrepresentation.

CONCLUSION

For the reasons set forth above, the Court finds that fraudulent joinder has been established and the nondiverse defendant—Defendant Brent Hagar—should be disregarded. Thus, there is complete diversity between the relevant parties, and remand is not warranted.

Accordingly, Plaintiffs' Motion to Remand (Doc. No. 15) is DENIED. Plaintiffs' claims against Defendant Brent Hagar d/b/a Hagar State Farm Agency, LLC, are DISMISSED without prejudice.[1] Defendant Hagar shall be terminated as a party to this

[1] *See Anderson v. Lehman Bros. Bank*, 528 F. App'x 793, 796 (10th Cir. 2013) (explaining that, once the district court "determined that [the nondiverse defendant] had been fraudulently joined," "it was required to dismiss him from the case without prejudice").

action, and his Motion to Dismiss (Doc. No. 14-1) shall likewise be terminated.

This matter will be set for a status and scheduling conference on the Court's next available docket.

IT IS SO ORDERED this 26th day of August, 2026.

CHARLES B. GOODWIN
United States District Judge